UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                2:08-cr-56-FtM-99SPC

WARREN THOMAS BARRY
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (Doc. #78) filed on October 1, 2008. The United States filed a Response (Doc. #80) on October 14, 2008, and defendant, with the permission of the Court, filed a Reply (Doc. #88) on October 28, 2008. Because defendant is proceeding *pro se*, the Court construes his motion and reply liberally.

**I.**

On April 23, 2008, an Indictment returned by a grand jury sitting in Fort Myers, Florida was filed against defendants Sheri Redeker Barry and Warren Thomas Barry. Count One charges that from in or about 2001 through the date of the Indictment, in Lee County in the Middle District of Florida and elsewhere, both defendants conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue, to wit income taxes, in violation of 18 U.S.C. § 371. Count Two charges that on or about

May 6, 2003, in the Middle District of Florida, defendant Warren Thomas Barry did pass, utter, present, offer, broker, issue, sell or attempt or cause the same, or with like intent possess, a false or fictitious instrument or other item appearing, representing, purporting or contriving through scheme or artifice to be an actual security or other financial instrument issued under the authority of the United States, i.e., a $1 million "Registered Bill of Exchange" dated April 15, 2003, presented by defendant to satisfy the outstanding tax liabilities against him, in violation of 18 U.S.C. §§ 514, 513(c), and 2. Counts Eight through Ten allege that during calendar years 2003 (Count 8), 2004 (Count 9) and 2005 (Count 10), in the Middle District of Florida and elsewhere, defendant Warren Thomas Barry had and received gross income substantially in excess of the minimum filing amounts established by law, that defendant was required by law to make an income tax return to an authorized representative of the Internal Revenue Service or any other proper officer of the United States stating specifically the items of his gross income and any deductions and credits to which he was entitled, but did willfully fail to make an income tax return to any such representative or other proper officer of the United States, in violation of 26 U.S.C. § 7203.[1]

Defendant's Motion to Dismiss argues that the Indictment must be dismissed for four reasons: (1) The district court lacks subject

---

[1] The other counts in the Indictment relate solely to the co-defendant.

matter jurisdiction over the Grand Jury claims because "not a single State, nor two or more States, are identified within the Grand Jury claims that could trigger Congress' power to regulate the alleged activity within the 'among the several States' to which the several States limited Congress to act therein. Middle District of Florida names no single State nor any other State, or two or more States." (Doc. #78, p. 4); (2) The district court lacks Article III subject matter jurisdiction over the Grand Jury claims because "each of the acts alleged are only alleged to have taken place within the State of Florida, . . ., thereby refusing from any Court created by Congress the power to pick the place or places any trial shall be had." (Doc. #78, pp. 4-5); (3) "Congress lacks the power to place the trial of the alleged crimes of or against Defendant within its own Court, making 18 U.S.C. § 3231 unconstitutional and in violation of Article III, Section 2, Clause 3." (Doc. #78, p. 5); and (4) "[T]he Grand Jury indictment violates the 10th Amendment Rights of Defendant, an alleged Citizen of the State of Florida" because any such claim can only be brought by a grand jury of a county of the State of Florida where the crime is alleged to have occurred. (Doc. #78, p. 5). In his Response, defendant adds a fifth reason for dismissal: Congress did not have the power to enact the federal grand jury statutes, 28 U.S.C. § 1861-1878 because the grand jury has not been "textually assigned" to any branch of government. (Doc. #88, pp. 17-19.) The Court finds that none of these arguments have merit.

**II.**

The court's subject-matter jurisdiction is a question of law. United States v. Moore, 443 F.3d 790, 793 (11th Cir. 2006). Subject-matter jurisdiction relates to the court's statutory or constitutional power to hear a given type of case. United States v. Cotton, 535 U.S. 625, 630 (2002); United States v. Morton, 467 U.S. 822, 828 (1984); Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) cert. denied, 531 U.S. 929 (2000). Federal courts are "courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress." United States v. Harris, 149 F.3d 1304, 1308 (11th Cir. 1998). There is a presumption that every federal court is without jurisdiction unless the contrary affirmatively appears from the record. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005).

The Constitution of the United States vested the judicial power of the United States in "one supreme Court" and "in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art. III, § 1. The Constitution specifically gave Congress the power to "constitute Tribunals inferior to the supreme Court." U.S. Const. art. I, § 8, cl. 9. The judicial power "shall extend to all Cases, in Law and Equity,

arising under this Constitution, the Laws of the United States, . . ."  U.S. CONST. art. III, § 2.[2]

Pursuant to this constitutional authority, Congress created judicial districts in each state, 28 U.S.C. §§ 81-131, including the State of Florida, 28 U.S.C. § 89, and created district courts in each judicial district.  28 U.S.C. § 132(a).  Congress divided the State of Florida into three judicial districts, 28 U.S. C. § 89, and further provided that Lee County, Florida will be in the Middle District of Florida and that court shall be held inter alia in Fort Myers, Florida.  28 U.S.C. § 89(b).

In the context of criminal cases, Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts "exclusive of the courts of the States".  18 U.S.C. § 3231[3].  "The district courts of the United States have original and exclusive jurisdiction over 'all offenses against the laws of the United States.'"  United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002).  All of the offenses for which defendant is indicted are "offenses against the

---

[2]In a venue provision, the Constitution provides that "Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."  U.S. CONST. art. III, § 2, cl. 3.

[3]Congress also has the power to establish and define the elements of a criminal offense.  Albernaz v. United States, 450 U.S. 333, 344 (1981); Sanabria v. United States, 437 U.S. 54, 69 (1978); United States v. Deverso, 518 F.3d 1250, 1258 n.2 (11th Cir. 2008).

laws of the United States." Thus, § 3231 on its face empowers a district court to enter judgment upon the merits of the Indictment. Alikhani, 200 F.3d at 734-35; United States v. Quinto, 264 Fed. Appx. 800, 801 (11th Cir. 2008). As stated in United States v. Tinoco, 304 F.3d 1088 (11th Cir. 2002):

> [S]ubject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and, in almost all criminal cases, that's the beginning and the end of the jurisdictional inquiry. Congress, however, can create additional statutory hurdles to a court's subject matter jurisdiction through separate jurisdictional provisions found in the substantive criminal statute itself under which a case is being prosecuted.

Tinoco, 304 F.3d at 1105 n.18. Here, no additional statutory hurdle exists, and the court has jurisdiction over all of the offenses charged in the Indictment. See also United States v. Evans, 717 F.2d 1334 (11th Cir. 1983)(argument that district court had no subject matter jurisdiction over charge of willful failure to file federal income tax returns is "frivolous."); United States v. Jackson, No. 08-10651, 2008 WL 4150006 (11th Cir. Sept. 10, 2008)(argument that district court had no subject matter jurisdiction over charge of willful failure to file federal income tax returns is "wholly meritless.")

**III.**

Defendant also challenges the authority of Congress to enact the statutes at issue. The Court finds these arguments are also without merit.

"In fulfilling its legislative function, Congress may only act pursuant to an express grant of power or authority in Article I of the Constitution." United States v. Edgar, 304 F.3d 1320, 1323 (11th Cir. 2002). Several constitutional provisions are relevant to this case. The Spending Clause of the Constitution empowers Congress "to lay and collect Taxes, Duties, Imposts, and Excises, to pay the Debts and provide for the common Defense and general Welfare of the United States. . ." U.S. CONST. art. I, § 8, cl. 1. This authorizes Congress to vest a broad range of authority in the Internal Revenue Service. Madison v. United States, 758 F.2d 573 (11th Cir. 1985). The Commerce Clause of the Constitution empowers Congress to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. CONST. art. I, § 8, cl. 3. This has been interpreted to allow "three broad categories of activity" that may be regulated by Congress: the use of the channels of interstate commerce; the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities; and those activities having a substantial relation to interstate commerce, i.e., those activities that substantially affect interstate commerce. United States v. Lopez, 514 U.S. 549 (1995); United States v. Ballinger, 395 F.3d 1218, 1225 (11th Cir. 2005)(en banc). The Necessary and Proper Clause of the Constitution empowers Congress to "make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all

other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof." U.S. CONST. art. I, § 8, cl. 18. The Necessary and Proper Clause "authorizes Congress, subject to other constraints imposed by the Constitution, to adopt measures that bear a rational connection to any of its enumerated powers." Edgar, 304 F.3d at 1325-26. Additionally, under the Sixteenth Amendment, "Congress shall have power to lay and collect taxes on incomes, from whatever source derived." U.S. CONST. amend. XVI. Congress is authorized under the Sixteenth Amendment to enact statutes which impose criminal penalties against an individual who willfully attempts to evade or defeat any federal tax. United States v. Baker, No. 04-10710, 2005 WL 1349867 (11th Cir. 2005). These constitutional provisions provide ample authority for Congress to have enacted the criminal statutes at issue in the Indictment and the statutes relating to the creation and jurisdiction of a district court.

**IV.**

Finally, the Court finds that defendant's argument regarding the grand jury is also without merit. The Constitution provides that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, . . . ." U.S. CONST. amend. V. Grand juries may exist without specific statutes by Congress. Clawson v. United States, 114 U.S. 477, 487-88 (1885)(citing United States v. Hill, 1 Brock. 156 (Va. Cir. Ct. 1809)) Defendant is correct that the grand jury

is not relegated by the Constitution to any one of the three branches of government. United States v. Pabian, 704 F.2d 1533, 1536 (11th Cir. 1983). However, Congress certainly has the power to enact grand jury statutes as necessary pursuant to the Fifth Amendment. Therefore, defendant's motion is denied on this ground.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss (Doc. #78) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 20th day of January, 2009.

 /s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Warren Thomas Barry