# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

UNITED STATES OF AMERICA

-vs-

**WARREN THOMAS BARRY**

Case Number: 2:08-cr-56-FtM-29SPC

USM Number: 34520-018

Thomas H. Ostrander (Appointed)
2701 Manatee Avenue W., Suite A
Bradenton, FL 34205

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts One, Six, Seven & Eight of the Redacted Indictment, which corresponds to Counts One, Eight, Nine & Ten of the Original Indictment.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States by Defeating the Lawful Functioning of the Internal Revenue Service, in the Ascertainment, Computation, Assessment, and Collection of Federal Income Taxes | April 23, 2008 | One |
| 26 U.S.C. § 7203 | Failing to Make an Income Tax Return - Calendar Year 2003 | April 15, 2004 | Six |
| 26 U.S.C. § 7203 | Failing to Make an Income Tax Return - Calendar Year 2004 | April 15, 2005 | Seven |
| 26 U.S.C. § 7203 | Failing to Make an Income Tax Return - Calendar Year 2005 | April 15, 2006 | Eight |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 125 S. Ct. 738 (2005).

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

June 29, 2009

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

July 2, 2009



## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 Months**.

**As to Count One, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 Months. As to Counts Six, Seven & Eight, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 Months as to each count, to be served concurrently with each other and with the term of imprisonment in Court One.**

**The Court recommends to the Bureau of Prisons:**

1. Incarceration in a facility close to home (Fort Myers, FL/Coleman, FL).
2. The Court does not object to the defendant being allowed to communicate with her husband & co-defendant, Sheri Redeker Barry.

The defendant shall surrender on or before 12:00 p.m. (Noon) on July 31, 2009 to the designated facility; if not designated, then the defendant shall surrender to the U.S. Marshal at the designated time.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By: _____  
Deputy U.S. Marshal

AO 245B (Rev. 3/01) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) Years**.

The defendant is sentenced on all count of conviction to Supervised Release, said periods to run **concurrent** as follows:

As to Count One, this term shall consist of a term of Three (3) years Supervised Release. As to each of Counts Six, Seven & Eight, this term shall consist of a term of One (1) year Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. You shall provide the probation officer access to any requested financial information.

2. The defendant shall provide the Probation Officer access to any requested financial information.

3. The defendant shall cooperate with the Internal Revenue Service regarding all outstanding taxes, interest and penalties. Furthermore, the defendant shall provide the probation officer with verification that the income tax obligations are being met to the fullest extent possible.

4. Having been convicted of a qualifying felony offense, the defendant shall cooperate with the Probation Office in the collection of DNA, if not already collected by the Bureau of Prisons.

5. Mandatory drug testing requirements are suspended based on the defendant's low-risk of future substance abuse. The Court, however, authorizes random drug testing not to exceed 104 tests per year.

WARREN THOMAS BARRY
2:08-cr-56-FtM-29SPC

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $175.00 (Due Immediately) | Waived | $555,628.00 |

***Restitution is joint & several with Co-defendant Sheri Redeker Barry**

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 3/01) Judgment in a Criminal Case

Case 2:08-cr-00056-JES-SPC   Document 191-1   Filed 07/02/09   Page 6 of 6
WARREN THOMAS BARRY
2:08-cr-56-FtM-29SPC                                                                                                  Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.